IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELPIDIO GARCIA, # M14745, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:12-cv-00251-JPG |
| | ) |
| DR MARY LOFTON, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

Gilbert, District Judge:

Plaintiff, currently incarcerated at Robinson Correctional Center, has brought this *pro se* civil rights action pursuant to **42. U.S.C. § 1983**. Plaintiff claims that Defendant Dr. Mary Lofton, Medical Doctor, denied him adequate medical care on three occasions in late 2010 and early 2011.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendant Lofton.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citations and internal quotations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Here, Plaintiff has completely failed to support his purported claim with factual allegations. The allegations of Plaintiff's

1

complaint consist of a one sentence legal conclusion that he was "denied 'adequate' medical treatment" on three dates in late 2010 and early 2011. *See* Doc. 1 at 5.  Plaintiff's complaint will be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.  However, Plaintiff will be granted leave to file an amended complaint within 30 days of this order.  The amended complaint shall include sufficient factual detail to provide Defendant Lofton with fair notice of his constitutional claim against her.

It is also clear from the face of the complaint that Plaintiff has not exhausted his administrative remedies.  Exhaustion of available administrative remedies is not optional. ***See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")**.  Plaintiff is **ADVISED** to exhaust his available administrative remedies prior to filing an amended complaint.  Failure to do so will likely result in dismissal of this case with prejudice. ***See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (providing that if the failure to exhaust is the prisoner's fault, "the case is over.").**

## Disposition

Plaintiff's complaint fails to state a claim upon which relief can be granted and is **DISMISSED** without prejudice.  Plaintiff shall file his First Amended Complaint that includes sufficient factual detail to provide Defendant Lofton with fair notice of his constitutional claim against her within 30 days of the entry of this order (on or before September 22, 2012).  Failure to file an amended complaint may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* **FED. R. CIV. P. 41(b).**

    **IT IS SO ORDERED.**

    **DATED: August 23, 2012.**

                                     s/ J. Phil Gilbert
                                      United States District Judge